IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr375-MHT |
| | ) | (WO) |
| **BENNIE EDWARDS** | ) | |

### ORDER

This cause is before the court on an unopposed motion to continue trial filed by defendant Bennie Edwards. For the reasons set forth below, the court finds that jury selection and trial, now set for June 5, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

   The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

2

interest of the public and Edwards in a speedy trial. Edwards represents that a continuance is needed because additional time is needed for his counsel to investigate the case, which involves multiple suspects and a large quantity of law-enforcement records. In addition, Edwards asserts that he may need to obtain further supplemental discovery (which he would also then likely need to review). The court sees no evidence of a lack of diligence on defense counsel's part.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 13) is granted.

(2) The jury selection and trial, now set for June 5, 2023, are reset for September 11, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.**

**DONE, this the 9th day of May, 2023.**

                                 /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**