IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr375-MHT |
| | ) | (WO) |
| **BENNIE EDWARDS** | ) | |

## ORDER

This cause is before the court on an unopposed motion to continue trial filed by defendant Bennie Edwards. For the reasons set forth below, the court finds that jury selection and trial, now set for September 11, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

> from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv). The Act also excludes from the 70-day period "delay resulting from any pretrial motion, from the filing of the motion through

the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Edwards in a speedy trial. Edwards represents that a continuance is needed to allow his counsel time to investigate the propriety of a recently unearthed law-enforcement stop central to this case and then to litigate a suppression motion relating to the stop. The court sees no evidence of a lack of diligence on defense counsel's part. A continuance is warranted to enable Edwards to defend himself effectively by investigating the law-enforcement stop further and then, upon filing a suppression motion, seeing it through to disposition.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 19) is granted.

(2) The jury selection and trial, now set for September 11, 2023, are reset for November 13, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 9th day of August, 2023.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**